LALANCE & GROSJEAN MANUF'G CO. v. UNITED STATES STAMPING CO.

*(Circuit Court, D. Connecticut. May 19, 1885.)*

PATENTS FOR INVENTIONS—NOVELTY—BISCUIT-PANS.
   Patent No. 96,605, for "an improved mode of uniting small biscuit-pans together in clusters, consisting in providing the pans with horizontal flanges and riveting them," *held* void for want of novelty.

In Equity.

*Charles E. Mitchell*, for complainant.

*Charles R. Ingersoll*, for defendant.

WALLACE, J. The invention covered by the claim of the patent in suit as described in the specification "relates to an improved mode of uniting small biscuit pans together in clusters, and consists in providing the pans with horizontal flanges around the tops, and joining them together by lapping the flanges and riveting them." Biscuit

pans assembled and united in clusters were old when the patentee first made them. Several modes had been adopted for uniting them. One was by assembling the pans on a sheet of tin in the desired contiguity, each pan being riveted through the bottom to a sheet. Another mode was by riveting the pans to a strip or bar of metal instead of a sheet, and uniting the several strips or bars. In other instances the sheet and bar were dispensed with, and the pans were united by rivets through their sides near the rim; and in others still, the edge of one pan was lapped and seamed over the edge of the adjacant pans.

It is testified to, and seems probable, that single flat-flanged biscuit pans, made of tin, were old. The patent contemplates pans of sheet-metal. But if flanged pans were new when made of tin or sheet-metal they were old when made of cast-iron. As shown in the patent to Waterman, granted April 5, 1859, pans of cast-iron were united in clusters by a cast connection, which was substantially a flange around the rim of each pan, extending from the rim of each pan to the flange upon the rim of the adjacent pan. This being the prior state of the art, the defense of want of novelty is fatal to the patent. The ordinary skill and judgment of the mechanic, with the prior structures before him, would suggest that such pans could be made with flanges and united by rivets through the flanges, if he desired to avoid inserting a rivet through the body of the pans. The Waterman structure alone would suggest the mode of the patent. As the flanges of that structure were united in the process of casting and could not be so united when sheet-metal was to be used, the obvious way to unite them in sheet-metal would be by lapping and riveting or soldering the flanges.

The bill is dismissed.